UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANTONIO ALIBERTI, RICHARD BLANC, HEATHER
BURKITT, SUSAN CHODKOWSKI, SUSAN
FERGUSON, MICHAEL GERRATO, DESIREE
JASINSKI, FRANCES LESSER, ROSANNA LAURO,
THE ESTATE OF JOSEPH PROCOPIO, NEIL                    Civ. No.: 2:15-cv-07111 (AYS)
SANTORELLI, MATTHEW SARTER, FRANK
SCIREMAMMANO and JAMES WRIGHT,

                                       **SETTLEMENT AGREEMENT**
                                            <u>**AND RELEASE**</u>

                       Plaintiffs,

               -*against*-

NASSAU COUNTY,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Subject to approval by the United States District Court for the Eastern District of New York, the Nassau County Legislature, and the Nassau County Interim Finance Authority (hereinafter, "NIFA") (if required), this Settlement Agreement and Release (hereinafter, "Settlement Agreement") is made and entered into this ___ day of _____ between above named Plaintiffs, on behalf of themselves and all others similarly situated, and Defendant the County of Nassau.

      **WHEREAS,** Plaintiffs Antonio Aliberti, Richard Blanc, Heather Burkitt, Susan Chodkowski, Susan Ferguson, Michael Gerrato, Desiree Jasinski, Frances Lesser, Rosanna Lauro, Joseph Procopio, Neil Santorelli, Matthew Sarter, Frank Sciremammano and James Wright filed this Action, on behalf of themselves and all others similarly situated, in the United States District Court for the Eastern District of New York on or about December 15, 2015; and

      **WHEREAS,** Defendant filed an Answer to the complaint, denying all liability under any of Plaintiffs' claims, on February 19, 2016; and

      **WHEREAS,** the Parties agree that bona fide disputes exist regarding Plaintiffs' claims; and

      **WHEREAS,** on October 10, 2017, the Court conditionally certified this case as a collective action under the FLSA, 29 U.S.C. §216(b), on behalf of Plaintiffs and other similarly situated persons, defined as: all CSEA bargaining unit employees who were employed by the County from February 15, 2016 through present; and

      **WHEREAS,** between April 12, 2018 through July 31, 2018, in excess of Eighteen Hundred (1800) individuals opted into this Action; and

**WHEREAS,** the Parties, through discovery and the hiring of a joint accountant, have determined it to be extremely complicated, time consuming, and cost prohibitive to calculate damages for each opt-in Plaintiff; and

**WHEREAS,** on December 11, 2023, the Parties appeared for a settlement conference before the Honorable Anne Y. Shields,

**WHEREAS,** the settlement conference lasted for hours and was successful, the parties reaching settlement terms as set forth herein; and

**WHEREAS,** the Defendant denied and continues to deny all of the allegations embodied in this Action; nonetheless, without admitting or conceding any liability or responsibility for damages, Defendant has agreed to settle this Action solely to avoid the burden, expense, and uncertainty of continued litigation; and

**WHEREAS,** Plaintiffs' counsel has thoroughly investigated the facts and diligently pursued discovery, including interviews with the Plaintiffs and an analysis of the wage-and-hour data produced by Defendant; based on their independent investigation and evaluation of the facts and law relating to the claims asserted in this Action, including the risk of significant delay and Defendant's defenses, Plaintiffs' counsel believes this Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Plaintiffs and Opt-Ins; and

**NOW, THEREFORE,** subject to approval by the Court, the Nassau County Legislature, and NIFA (if required), in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## A. Definitions Used In This Agreement

1. "Action" means the civil action in the United States District Court for the Eastern District of New York entitled *Aliberti, et al. v. Nassau County*, Civil Case No. 15-cv-07111.
2. "Active Employees" means all Opt-Ins and Post-Settlement Opt-Ins actively employed by the County of Nassau as of September 30, 2024.
3. "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement and Release.
4. "Approval Date" means the date the Court enters an order approving this Settlement and/or "So Orders" this Settlement.
5. "Approval Rate" means the rate of return of Consent/Release Forms from Opt-Ins and Post-Settlement Opt-Ins required for the Settlement Agreement to become effective.
6. "Best Efforts" means that Plaintiffs' Counsel shall undertake all reasonable steps to ascertain an Opt-In or Post-Settlement Opt-In's current mailing address, including, but not limited to, consultation with Defendant's Counsel, consultation with the New York State Pension System and consultation with the National Change of Address Database.

7. "Defendant" shall mean and include the County of Nassau, including, but not limited to any of its Departments.

8. "Defendant's Counsel" shall mean Stephen L. Martir, Esq. of Bee Ready Fishbein Hatter & Donovan, LLP.

9. "Effective Date" shall mean the date that the Settlement is approved by NIFA, if NIFA approval is required. If NIFA approval is not required, Effective Date shall mean the date that the Settlement is approved by the Nassau County Legislature.

10. "Inactive Employees" means all Opt-Ins and Post-Settlement Opt-Ins separated from employment with the County of Nassau as of September 30, 2024.

11. "Opt-Ins" means and includes the Opt-Ins who filed an "Opt-In Consent Form" between April 12, 2018 and July 31, 2018. The term Opt-Ins shall not include the Plaintiffs as defined below.

12. "Parties" shall mean the Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins and Defendant, as defined herein.

13. "Plaintiffs" shall mean the named Plaintiffs in the Action, Antonio Aliberti, Richard Blanc, Heather Burkitt, Susan Chodkowski, Susan Ferguson, Michael Gerrato, Desiree Jasinski, Frances Lesser, Rosanna Lauro, the Estate of Joseph Procopio, Neil Santorelli, Matthew Sarter, Frank Sciremammano and James Wright.

14. "Plaintiffs' Counsel" shall mean Eric E. Wilke, Esq. and Aaron E. Kaplan, Esq. of Civil Service Employees Association, Inc.

15. "Post-Opt-In Period Employees" shall mean employees of Defendant in the CSEA bargaining unit that began their employment between December 1, 2017, and the Effective Date who were not sent an opt-in notice in April 2018.

16. "Post-Settlement Employees" shall mean employees of Defendant in the CSEA bargaining unit that begin their employment between the Effective Date and September 30, 2024.

17. "Post-Settlement Opt-Ins" shall mean and includes the Post-Opt-In Period Employees and Post-Settlement Employees who file an "Opt-In Consent Form" during a post-settlement opt-in period.

18. "Released Claims" means any and all individual, class, or collective wage-and-hour claims that were or could have been brought based on the factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for unpaid wages, unpaid overtime compensation, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor Standards Act and the New York State Labor Law. Any claims brought by the Plaintiffs, Opt-Ins and Post-Settlement Opt-Ins in *Arciello, et al. v. County of Nassau*, 16-cv-3974 are excluded from the Released Claims.

19. "Released Parties" means the Defendant, its agencies, departments, officers, agents, employees, and its predecessors, successors and assigns.

20. "Release Period" shall mean the period beginning December 15, 2009, and ending on the Effective Date.

21. "Settlement" means the settlement of the Action described and defined by, and according to the terms of, the Agreement.

### B. Damages and "Calculations"

22. For Plaintiffs who work 40 hours per week, Defendant shall pay back wages for the period of December 14, 2012 through the date of the implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27). These Plaintiffs shall be entitled to back pay for the period of December 14, 2012 through June, 30, 2016 as determined by the joint accountant. Thereafter, the Defendant shall utilize the "Calculations" stated herein to determine amounts owing and pay those amounts to the named Plaintiffs who work 40 hours per week for the period July, 1 2016 through the date of implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27).

23. For all Opt-Ins who, during any period from June 1, 2016 through the date of the implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27), work 37.5 hours or more per week and are non-exempt under the FLSA, Defendant shall utilize the "Calculations" stated herein to compensate such Opt-Ins for said period.

24. For all Post-Settlement Opt-Ins who, during any period from December 1, 2017 through the date of the implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27), work 37.5 hours or more per week and are non-exempt under the FLSA, Defendant shall utilize the "Calculations" stated herein to compensate such Post-Settlement Opt-Ins for said period.

25. In addition to any damage owed to a Plaintiff, Defendant shall pay each Plaintiff liquidated damages in the amount of 100% of his/her/their damages through the date of the implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27).

26. In addition to any damage owed to each of the Opt-Ins and Post-Settlement Opt-Ins who work 37.5 hours or more per week and are non-exempt under the FLSA, Defendant shall pay liquidated damages in the amount of 80% of his/her/their damages through the date of the implementation of the new payroll system or 1200 denominator calculation (as set forth in paragraph 27).

27. Defendant shall utilize the "Calculations" stated herein for all bargaining unit employees who are scheduled to work 37.5 hours per week or more and who are non-exempt under the FLSA, until such date as the Defendant has implemented a payroll system that can correctly calculate and implement the Regular Rate of Pay for all CSEA bargaining unit employees in accordance with the FLSA and relevant regulations. The implementation of this payroll system shall occur no later than September 30, 2024. If the Defendant does not implement this new payroll system by September 30, 2024, Defendant will utilize the 1200 hour denominator calculation from the pre-2008 CSEA Collective Bargaining Agreement for all CSEA bargaining unit employees who are scheduled to work 37.5 hours per week or more and who are non-exempt under the FLSA until such date as the Defendant has implemented a payroll system that can correctly calculate and implement the Regular Rate of Pay in accordance with the FLSA and relevant regulations.

28. Defendant shall pay Plaintiffs' Counsel reasonable attorney fees and costs in the amount of $274,179.64.

29. The "Calculation" for additional amounts of overtime owed as a result of longevity pay will be calculated on an annual basis as follows:

$$\left(\left(\frac{Longevity\ Pay}{2088}\right) * 1.5\right) * (Overtime\ Hours * 0.4355) = Annual\ Amount\ Owed$$

30. The "Calculation" for additional amounts of overtime owed as a result of hazardous duty pay will be calculated on an annual basis as follows:

$$\left(\left(\frac{Hazardous\ Duty\ Pay}{2088}\right) * 1.5\right) * (Overtime\ Hours * 0.4355) = Annual\ Amount\ Owed$$

31. The "Calculation" for additional amounts of overtime owed as a result of shift differential pay will be calculated on an annual basis and for each rate of shift differential separately as follows:

$$\left(\frac{Annual\ SD\ Pay * 0.4355}{2088 * 2}\right) * Annual\ Overtime\ Hours = Annual\ Amounts\ Owed$$

32. Defendant shall be responsible for administering the "Calculations" and providing documentation of its utilization of the "Calculations" to Plaintiffs' counsel for the period beginning on January 1, 2019, for all Opt-Ins and the date of hire for all Post-Settlement-Opt-ins, until such time as use of the "Calculations" is no longer necessary.

33. No later than June 30, 2024, Defendant will provide Plaintiffs' counsel with the amounts it finds that each Opt-In and Post-Settlement Opt-in will receive in back pay under this Agreement for the period beginning on January 1, 2019 for all Opt-Ins and the date of hire for all Post-Settlement-Opt-ins, through December 31, 2023, along with the spreadsheets showing all the calculations performed by Defendant and all documents utilized to make those calculations.

34. The parties shall jointly prepare a new opt-in notice for Post-Opt-In Period Employees, thereby allowing any new CSEA bargaining unit employee hired during that time period to opt-in to the collective action. Within thirty (30) days after the Effective Date, the Defendant shall provide Plaintiffs with a list of all Post-Opt-In Period Employees and their addresses. Within 30 days thereafter, Plaintiffs shall mail opt-in notices to Post-Opt-In Period Employees. Post-Opt-In Period Employees will have sixty (60) days to return completed opt-in consent forms to Plaintiffs' Counsel, who will file the opt-in consent forms with the Court.

35. The Defendant shall provide an opt-in notice to all Post-Settlement Employees until such time as use of the "Calculations" is no longer necessary, thereby allowing such new CSEA bargaining unit employees to opt-in to the collective action. Post-Settlement Employees shall have sixty (60) days from receipt of the opt-in notice to return completed opt-in consent forms to Plaintiffs' Counsel, who will file the opt-in consent forms with the Court. Any opt-in consent forms provided by Post-Settlement Employees to Defendant, or its representatives, shall be immediately transmitted to Plaintiffs' counsel.

36. No later than August 30, 2024, Plaintiff will provide Defendant's Counsel with a list of every Opt-In and Post-Settlement Opt-In. No later than September 30, 2024, Defendant will provide Plaintiffs' Counsel with updated home addresses, personal email addresses, and work email addresses of every Opt-In and Post-Settlement Opt-In. Defendant shall provide the last known home address of any Opt-In and Post-Settlement Opt-In that no longer works for the County.

### C. Tax Treatment

37. **Tax Treatment of Individual Settlement Payments.** For the individual settlement payments made to the Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins, the damages calculated by the joint accountant or utilizing the "Calculations" herein shall be reported as wages to the appropriate taxing authorities on a Form W-2 issued to the Plaintiff, Opt-In, and Post-Settlement Opt-In with his or her taxpayer identification number, and shall be subject to deduction of the employee share of applicable taxes and withholdings as required by federal, state, and local law. Any liquidated damages, interest and/or penalties paid as a result of this Settlement shall be reported as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins.

38. **Tax Treatment of Attorneys' Fees and Litigation Costs.** Defendant will issue a Form 1099 to Plaintiffs' Counsel with respect to all attorneys' fees and litigation costs paid in accordance with this Settlement.

39. **Indemnification.** With respect to any non-wage payments made to the Plaintiffs, Opt-Ins, Post-Settlement Opt-Ins, and Plaintiffs' Counsel, each individual Plaintiff, Opt-In, Post-Settlement Opt-In, and Plaintiffs' Counsel agrees to indemnify and hold the Released Parties harmless for any taxes, interest and/or penalties that may be assessed by any taxing authorities as a result of any failure by the individual Plaintiff, Opt-In, Post-Settlement Opt-In, and Plaintiffs' Counsel to fulfill his/her tax obligations for any payment received pursuant to this Settlement Agreement or for any other adverse tax consequences associated with the manner in which the payments required under this Settlement Agreement have been allocated.

### D. Release of Claims

40. **Release.** In accordance with the terms of this Agreement, Plaintiffs, all Opt-Ins, and Post-Settlement Opt-Ins who sign and return a Consent and Release Form (collectively, "the Releasing Parties"), shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date. Any claims brought by the Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins in *Arciello, et al. v. County of Nassau*, Case No. 16-cv-3974 are excluded from the Released Claims.

41. **Release of Attorneys' Fees and Litigation Costs.** Plaintiffs and Plaintiffs' Counsel agree that the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel pursuant to this Agreement includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action. In consideration of such payment,

Plaintiffs' Counsel releases and waives any and all claims to further attorneys' fees and expenses in connection with the Action.

**E. Approval Of Settlement And Dismissal Of Action**

42. **Cooperation.** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice.

43. **Fair, Adequate and Reasonable Settlement.** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

44. **Joint Motion for Court Approval of Settlement.** If required by the Court, within five (5) business days after the execution of this Agreement, the Parties will jointly move the Court for approval of the Settlement and entry of an approval order granting approval of the Settlement as fair, adequate, and reasonable. If the Court does not issue an approval order, or decides to do so only with material modifications to the terms of this Agreement, or if the approval order is reversed or vacated by an appellate court, then this Agreement shall become null and void.

45. **Legislative Approval.** After the Approval Date, Defendant County of Nassau will submit this Settlement Agreement to the Nassau County Legislature for legislative approval. If the Nassau County Legislature does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

46. **NIFA Approval.** If NIFA approval is required, after approval of the Settlement Agreement by the Nassau County Legislature, Defendant County of Nassau will submit this Settlement Agreement to NIFA for approval. If NIFA does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

47. **Dismissal of the Action With Prejudice.** Subject to and conditioned upon approval of this Settlement by the Court, the Nassau County Legislature, and NIFA (if NIFA approval is required), Plaintiffs and Plaintiffs' Counsel agree that this Action shall be dismissed with prejudice as to all Released Parties and all Released Claims with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided in this Agreement. Contemporaneously with the execution of this Agreement, counsel for the Parties shall execute a stipulation dismissing the instant Action, with prejudice, pursuant to Fed. R. Civ. Proc. 41(a) ("Stipulation of Dismissal").

**F. Settlement Administration for Active Employees**

48. **Distribution of Notice to Active Employees Via Personal Email and Work Email and/or Hand Delivery.**[1] No later than October 31, 2024, Defendant will provide Plaintiffs' Counsel with the final amounts it finds that each Opt-In and Post-Settlement Opt-in will receive in back pay under this Agreement along with the spreadsheet showing all the calculations performed by Defendant and all documents utilized to make those calculations. Within fourteen (14) calendar days after the Defendant provides the final calculations to Plaintiffs' Counsel, Plaintiffs' Counsel shall distribute, via work email, and/or personal email, the proposed Notice (Exhibit B), with its attached Consent and Release Form, to all Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins who are Active Employees of the County of Nassau. The Notice shall inform the Opt-Ins and Post-Settlement Opt-Ins of their eligibility to participate in the Settlement by signing and returning Consent and Release Forms along with completed W-4 and W-9 Forms, as well as the amount of their respective Individual Payment if they do so.

49. **First Mailing of Notice.** No later than November 30, 2024, Plaintiffs' Counsel will mail the proposed Notice (Exhibit B), with its attached Consent and Release Form, to any Active Employee Opt-Ins and Post-Settlement Opt-Ins from whom Plaintiffs' Counsel has not received a signed Consent and Release Form through the email and/or hand delivery method.

50. **Undeliverable Notices.** If a Notice sent to an Active Employee Opt-In or Post-Settlement Opt-In is returned as undeliverable, Plaintiffs' Counsel will promptly undertake Best Efforts to determine the Active Employee Opt-In's current mailing address.

51. **Second Mailing of Notice.** If an additional mailing address is located for an Active Employee Opt-In or Post-Settlement Opt-In whose Notice was returned as undeliverable, Plaintiffs' Counsel will resend the Notice to that Active Employee Opt-In or Post-Settlement Opt-In at the updated address.

52. **Consent Deadline.** The Consent Deadline for Active Employee Opt-Ins and Post-Settlement Opt-Ins shall be sixty (60) calendar days after the mailing date or, in the case of an Active Employee Opt-In or Post-Settlement Opt-In for whom a first Notice was returned as undeliverable and an additional address was found, sixty (60) calendar days after the Second Mailing of Notice to that Active Employee Opt-In and Post-Settlement Opt-Ins. Active Employee Opt-Ins and Post-Settlement Opt-Ins will only be entitled to receive their individual settlement payments if they sign and return the Consent and Release Form on or before the Consent Deadline.

**G. Settlement Administration for Inactive Employees**

53. **Distribution of Notice to Inactive Employees.** No later than November 30, 2024, Plaintiffs' Counsel will mail the proposed Notice (Exhibit B), with its attached Consent and Release Form, to all Opt-Ins and Post-Settlement Opt-Ins who are Inactive

---

[1] The Parties seek approval from the Court to distribute the Notice and the Consent and Release Forms via personal email, work email, and/or hand delivery, as well as by regular mail (all forms of distribution being alternative forms), and to have them returned in the same manner. By so ordering this Agreement, judicial approval is granted in this regard. If judicial approval is not granted, distribution and returns shall be by regular mail as set forth in the remainder of this Section.

Employees of the County of Nassau. The Notice shall inform the Opt-Ins and Post-Settlement Opt-Ins of their eligibility to participate in the Settlement by signing and returning Consent and Release Forms along with completed W-4 and W-9 Forms, as well as the amount of their respective Individual Payment if they do so.

54. **Undeliverable Notices.** If a Notice sent to an Inactive Employee Opt-In or Post-Settlement Opt-In is returned as undeliverable, Plaintiffs' Counsel will promptly undertake Best Efforts to determine the Opt-In or Post-Settlement Opt-In's current mailing address.

55. **Second Mailing of Notice.** If an additional mailing address is located for an Inactive Employee Opt-In or Post-Settlement Opt-In whose Notice was returned as undeliverable, Plaintiffs' Counsel will resend the Notice to that Inactive Employee Opt-In or Post-Settlement Opt-In at the updated address by certified mail, return receipt requested. Plaintiffs' Counsel shall provide Defendant's Counsel with tracking information for all certified mail sent pursuant to this Paragraph.

56. **Consent Deadline.** The Consent Deadline for Inactive Employee Opt-Ins and Post-Settlement Opt-Ins shall be sixty (60) calendar days after the First Mailing of Notice or, in the case of an Inactive Employee Opt-In or Post-Settlement Opt-In for whom the first Notice was returned as undeliverable and an additional address was found, sixty (60) calendar days after the Second Mailing of Notice to that Inactive Employee Opt-In or Post-Settlement Opt-In. Inactive Employee Opt-Ins and Post-Settlement Opt-Ins will only be entitled to receive their individual settlement payments if they sign and return a Consent and Release Form on or before the Consent Deadline.

## H. Approval Rate

57. **Approval Rate.** If 5% or more Opt-Ins and Post-Settlement Opt-Ins fail to sign and return a Consent and Release Form (Exhibit B), Defendant shall have the right to revoke and terminate this Settlement Agreement.

58. It is agreed by and between the Parties that any deceased Plaintiff, Opt-In and/or Post Settlement Opt-In shall not be considered in determining whether the necessary Approval Rate has been met.

59. It is further agreed by and between the Parties that Opt-Ins and Post-Settlement Opt-Ins that do not have damages under this Agreement, including those that are scheduled to work less than 37.5 hours per week, shall not be considered in determining whether the necessary Approval Rate has been met.

60. In addition, with respect to Inactive Employee Opt-Ins and Post-Settlement Opt-Ins for whom the original mailing was returned as undeliverable, if, after resending Notice of the settlement, with the attendant Consent and Release Form, by certified mail, return receipt requested, delivery is not confirmed, then that Inactive Employee Opt-In or Post-Settlement Opt-In shall not count toward the Approval Rate.

61. In all other circumstances, the failure by an Opt-In or Post-Settlement Opt-In (whether an Active Employee or Inactive Employee) to return a signed Consent and Release Form shall be considered in determining whether the requisite Approval Rate has been met.

62. **Untimely Consent Forms.** If an Opt-In or Post-Settlement Opt-Ins attempts to participate in the Settlement by returning a Consent and Release Form after the Consent

Deadline, Defendant may, in its sole discretion, accept the untimely Consent Form or refuse to do so.

## I. Distribution of Damages

63. Within seven (7) calendar days following the last Consent Deadline, or upon receipt by Plaintiffs' Counsel of 100% of all Consents and Releases, whichever is earlier, Plaintiffs' Counsel shall provide to Defendant's Counsel an Opt-In Report which shall: (1) identify all Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins, (2) identify whether the Plaintiff/Opt-In/Post-Settlement Opt-In is an Active Employee or Inactive Employee, (3) identify whether the Plaintiff/Opt-In/Post-Settlement Opt-In returned the Consent and Release Form, (4) identify the method of returned delivery (i.e., was it returned via email, regular mail, or hand delivery), (5) identify the settlement payment amount for each Plaintiff/Opt-In/Post-Settlement Opt-In. If an Inactive Employee Opt-In or Post-Settlement Opt-In was contacted via certified mail, that information should be included within the Opt-In Report as well, along with the respective tracking information.

64. With the Opt-In Report, Plaintiffs' Counsel shall produce to Defendant's Counsel all received W-4 and W-9 Forms.

65. With the Opt-In Report, Plaintiffs' Counsel shall provide to Defendant's Counsel a copy of all signed Consent and Release Forms and proof that the Consent and Release Forms were submitted on or before the Consent Deadline. Defendant's Counsel will review the signed Consent and Release Forms and the proof of timeliness produced therewith. Defendant's Counsel will cooperate in good faith to resolve any timeliness issues within seven (7) calendar days after Defendant's Counsels' receipt of the signed Consent and Release Forms and proof of timeliness.

66. With the Opt-In Report, Plaintiffs' Counsel shall produce proof of any and all mailings returned as undeliverable.

67. Distribution of Individual Settlement Payments. Within sixty (60) days after receipt by Defendant's Counsel of the Opt-In Report, Defendant shall issue individual payments to all Plaintiffs, Opt-Ins, and Post-Settlement Opt-Ins who signed and returned a Consent and Release Form, as set forth in the Opt-In Report.

68. Payment of Attorneys' Fees. Within sixty (60) days after receipt by Defendants' Counsel of the Opt-In Report, Defendant shall issue payment for attorneys' fees as set forth herein to Plaintiffs' Counsel.

69. Checks to all Plaintiffs, all Opt-Ins, and all Post-Settlement Opt-Ins shall remain negotiable for ninety (90) calendar days but shall be deemed cancelled thereafter.

70. Once the 90-day negotiability period has elapsed for all outstanding checks, Defendant's Counsel shall file the Stipulation of Dismissal.

71. Whether as a result of a Plaintiff's, Opt-In's, or Post-Settlement Opt-In's failure to return a Consent and Release Form, or a Plaintiff's, Opt-In's, or Post-Settlement Opt-In's failure to deposit a check, any unclaimed funds shall revert back to the Defendant County of Nassau. Plaintiffs and Plaintiffs' Counsel shall have no rights or claims as to the unclaimed portions of any individual payments contemplated herein.

72. With respect to any Opt-In or Post-Settlement Opt-In who fails to return a signed Consent and Release Form, the claims of that Opt-In or Post-Settlement Opt-In shall

be dismissed from this Action, without prejudice. Plaintiffs' Counsel agrees that upon dismissal of this Action, pursuant to the Stipulation of Dismissal, Plaintiffs' Counsel no longer represents any Opt-In or Post-Settlement Opt-In who has failed to return a signed Consent and Release Form and Plaintiffs' Counsel agrees that he will not do so in the future with respect to the claims brought in this Action.

**J. Miscellaneous.**

73. **No Admission.** Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

74. **Construction.** The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

75. **Modification.** This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

76. **Waivers, Etc., To Be In Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

77. **Binding on Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

78. **Counterparts.** This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

79. **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

80. **No Waiver.** The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions.

Moreover, it shall not be a waiver of such Party's right thereafter to enforce each and every term and condition of this Agreement.

81. **Governing Law.** This Settlement Agreement shall be governed by the laws of the State of New York, without giving effect to the choice of law provisions thereof, and further the Parties agree to submit to the sole jurisdiction of the United States District Court for the Eastern District of New York for the resolution of any dispute which may arise hereunder, said court shall retain jurisdiction over this matter.

82. **Extension Of Time.** With the exception of the date set forth in paragraph 27 herein, the Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

83. **Antonio Aliberti.** With respect to Plaintiff Antonio Aliberti, who passed away during this litigation, his signature will not be required to effectuate this settlement and resolve this matter with respect to the remaining Plaintiffs and any Opt-In or Post-Settlement Opt-In. Defendant will send a statement noting death to his widow, Dawn Aliberti. Should Dawn Aliberti or another representative of the estate provide the necessary documents sufficient to demonstrate he/she is acting on behalf of Plaintiff Aliberti's estate with the authority to substitute the estate for Plaintiff Aliberti, within the time set by Rule 25(a) of the Federal Rules of Civil Procedure, and signs this agreement, the parties agree it will be applicable to the estate in Plaintiff Aliberti's place. Should Dawn Aliberti or another representative of the estate fail to provide estate documents sufficient to demonstrate he/she is acting on behalf of Plaintiff Aliberti's estate with the authority to substitute the estate as Plaintiff, within the time set by Rule 25(a) of the Federal Rules of Civil Procedure, the parties agree that the action as to Plaintiff Aliberti shall be dismissed.

84. **NYSLRS.** Within three months of the final payments under this Agreement, the County shall file the appropriate forms to notify the New York State and Local Retirement System (the "NYSLRS") of the backpay referred to in Paragraphs 22-24 above. The Parties acknowledge that, for purposes of retirement pay, such back wages portions are subject to final approval by the NYSLRS.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement.

Plaintiffs

Dated: _____, 2024    Antonio Aliberti

_____
Plaintiff

Dated: FEB. 8, 2024    Richard Blanc

_____
Plaintiff

Dated: 2/6/          , 2024          Heather Burkitt

                                     _Heather Burkitt_
                                     Plaintiff

Dated: _____, 2024             Susan Chodkowski

                                     _____
                                     Plaintiff

Dated: _____, 2024             Susan Ferguson

                                     _____
                                     Plaintiff

Dated: _____, 2024             Michael Gerrato

                                     _____
                                     Plaintiff

Dated: _____, 2024             Desiree Jasinski

                                     _____
                                     Plaintiff

Dated: _____, 2024             Frances Lesser

                                     _____
                                     Plaintiff

Dated: _____, 2024             Rosanna Lauro

                                     _____
                                     Plaintiff

Dated: _____, 2024             Estate of Joseph Procopio

                                     _____
                                     Plaintiff

Dated: _____, 2024             Neil Santorelli

                                     _____
                                     Plaintiff

Dated: _____, 2024        Heather Burkitt

                                   _____
                                   Plaintiff

Dated: _February 8_, 2024          Susan Chodkowski

                                   _Susan Chodkowski_
                                   Plaintiff

Dated: _____, 2024        Susan Ferguson

                                   _____
                                   Plaintiff

Dated: _2-8_, 2024                 Michael Gerrato

                                   _____
                                   Plaintiff

Dated: _____, 2024        Desiree Jasinski

                                   _____
                                   Plaintiff

Dated: _____, 2024        Frances Lesser

                                   _____
                                   Plaintiff

Dated: _____, 2024        Rosanna Lauro

                                   _____
                                   Plaintiff

Dated: _____, 2024        Estate of Joseph Procopio

                                   _____
                                   Plaintiff

Dated: _____, 2024        Neil Santorelli

                                   _____
                                   Plaintiff

Dated: _____, 2024          Heather Burkitt

                                    _____
                                    Plaintiff


Dated: _____, 2024          Susan Chodkowski

                                    _____
                                    Plaintiff


Dated: February 8, 2024             Susan Ferguson

                                    _____
                                    Plaintiff


Dated: _____, 2024          Michael Gerrato

                                    _____
                                    Plaintiff


Dated: _____, 2024          Desiree Jasinski

                                    _____
                                    Plaintiff


Dated: _____, 2024          Frances Lesser

                                    _____
                                    Plaintiff


Dated: _____, 2024          Rosanna Lauro

                                    _____
                                    Plaintiff


Dated: _____, 2024          Estate of Joseph Procopio

                                    _____
                                    Plaintiff


Dated: _____, 2024          Neil Santorelli

                                    _____
                                    Plaintiff

Dated: _____, 2024          Heather Burkitt

                                    _____
                                    Plaintiff

Dated: _____, 2024          Susan Chodkowski

                                    _____
                                    Plaintiff

Dated: _____, 2024          Susan Ferguson

                                    _____
                                    Plaintiff

Dated: _____, 2024          Michael Gerrato

                                    _____
                                    Plaintiff

Dated: 2 - 8, 2024                  Desiree Jasinski

                                    _____
                                    Plaintiff

Dated: _____, 2024          Frances Lesser

                                    _____
                                    Plaintiff

Dated: _____, 2024          Rosanna Lauro

                                    _____
                                    Plaintiff

Dated: _____, 2024          Estate of Joseph Procopio

                                    _____
                                    Plaintiff

Dated: _____, 2024          Neil Santorelli

                                    _____
                                    Plaintiff

Dated: _____, 2024          Heather Burkitt

                                    _____
                                    Plaintiff


Dated: _____, 2024          Susan Chodkowski

                                    _____
                                    Plaintiff


Dated: _____, 2024          Susan Ferguson

                                    _____
                                    Plaintiff


Dated: _____, 2024          Michael Gerrato

                                    _____
                                    Plaintiff


Dated: _____, 2024          Desiree Jasinski

                                    _____
                                    Plaintiff


Dated: Feb. 7th, 2024               Frances Lesser

                                    _____
                                    Plaintiff


Dated: _____, 2024          Rosanna Lauro

                                    _____
                                    Plaintiff


Dated: _____, 2024          Estate of Joseph Procopio

                                    _____
                                    Plaintiff


Dated: _____, 2024          Neil Santorelli

                                    _____
                                    Plaintiff

Dated: _____, 2024        Heather Burkitt

                                 _____
                                 Plaintiff

Dated: _____, 2024        Susan Chodkowski

                                 _____
                                 Plaintiff

Dated: _____, 2024        Susan Ferguson

                                 _____
                                 Plaintiff

Dated: _____, 2024        Michael Gerrato

                                 _____
                                 Plaintiff

Dated: _____, 2024        Desiree Jasinski

                                 _____
                                 Plaintiff

Dated: _____, 2024        Frances Lesser

                                 _____
                                 Plaintiff

Dated: 02/16_____, 2024       Rosanna Lauro

                                 _Rosanna Lauro_____
                                 Plaintiff

Dated: _____, 2024        Estate of Joseph Procopio

                                 _____
                                 Plaintiff

Dated: _____, 2024        Neil Santorelli

                                 _____
                                 Plaintiff

Dated: _____, 2024       Heather Burkitt

                                 _____
                                 Plaintiff

Dated: _____, 2024       Susan Chodkowski

                                 _____
                                 Plaintiff

Dated: _____, 2024       Susan Ferguson

                                 _____
                                 Plaintiff

Dated: _____, 2024       Michael Gerrato

                                 _____
                                 Plaintiff

Dated: _____, 2024       Desiree Jasinski

                                 _____
                                 Plaintiff

Dated: _____, 2024       Frances Lesser

                                 _____
                                 Plaintiff

Dated: _____, 2024       Rosanna Lauro

                                 _____
                                 Plaintiff

Dated: _2/8_____, 2024         Estate of Joseph Procopio

                                 _____
                                 Plaintiff

Dated: _____, 2024       Neil Santorelli

                                 _____
                                 Plaintiff

Dated: _____, 2024    Heather Burkitt

_____
Plaintiff

Dated: _____, 2024    Susan Chodkowski

_____
Plaintiff

Dated: _____, 2024    Susan Ferguson

_____
Plaintiff

Dated: _____, 2024    Michael Gerrato

_____
Plaintiff

Dated: _____, 2024    Desiree Jasinski

_____
Plaintiff

Dated: _____, 2024    Frances Lesser

_____
Plaintiff

Dated: _____, 2024    Rosanna Lauro

_____
Plaintiff

Dated: _____, 2024    Estate of Joseph Procopio

_____
Plaintiff

Dated: ___Feb 6___, 2024    Neil Santorelli

_____
Plaintiff

Dated: 2/14/24 , 2024    Matthew Sarter

                                    Plaintiff

Dated: _____, 2024    Frank Sciremammano

                                    Plaintiff

Dated: _____, 2024    James Wright

                                    Plaintiff

**Plaintiffs' Counsel**

Dated: _____, 2024

                                    Eric E. Wilke, Esq.
                                    Aaron E. Kaplan, Esq.
                                    Civil Service Employees Association, Inc.
                                    143 Washington Avenue
                                    Albany, New York 12210
                                    Tel: (518) 257-1443

**Defendant**

Dated: _____, 2024

                                    County of Nassau

                                    Hon. Thomas A. Adams, Esq.
                                    County Attorney
                                    Office of the Nassau County Attorney
                                    1 West Street
                                    Mineola, New York 11501
                                    Tel.: (516) 571-3076

**Defendant's Counsel**

Dated: _____, 2024

Dated: _____, 2024          Matthew Sarter

                                    _____
                                    Plaintiff

Dated: _____, 2024          Frank Sciremammano

                                    _____
                                    Plaintiff

Dated: __2/7__, 2024                James Wright

                                    _____
                                    Plaintiff

**Plaintiffs' Counsel**

Dated: _____, 2024          _____
                                    Eric E. Wilke, Esq.
                                    Aaron E. Kaplan, Esq.
                                    Civil Service Employees Association, Inc.
                                    143 Washington Avenue
                                    Albany, New York 12210
                                    Tel: (518) 257-1443

**Defendant**

Dated: _____, 2024          County of Nassau

                                    _____
                                    Hon. Thomas A. Adams, Esq.
                                    County Attorney
                                    Office of the Nassau County Attorney
                                    1 West Street
                                    Mineola, New York 11501
                                    Tel.: (516) 571-3076

**Defendant's Counsel**

Dated: _____, 2024          _____

Dated: _____, 2024          Matthew Sarter

                                    _____
                                    Plaintiff

Dated: _____, 2024          Frank Sciremammano

                                    _____
                                    Plaintiff

Dated: _____, 2024          James Wright

                                    _____
                                    Plaintiff


Dated: February 16, 2024            **Plaintiffs' Counsel**

                                    Eric E. Wilke, Esq.
                                    Aaron E. Kaplan, Esq.
                                    Civil Service Employees Association, Inc.
                                    143 Washington Avenue
                                    Albany, New York 12210
                                    Tel: (518) 257-1443


                                    **Defendant**

Dated: February 6, 2024             County of Nassau

                                    Hon. Thomas A. Adams, Esq.
                                    County Attorney
                                    Office of the Nassau County Attorney
                                    1 West Street
                                    Mineola, New York 11501
                                    Tel.: (516) 571-3076


                                    **Defendant's Counsel**

Dated: Feb 6, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ANTONIO ALIBERTI, RICHARD BLANC, HEATHER
BURKITT, SUSAN CHODKOWSKI, SUSAN
FERGUSON, MICHAEL GERRATO, DESIREE
JASINSKI, FRANCES LESSER, ROSANNA LAURO,
JOSEPH PROCOPIO, NEIL SANTORELLI, MATTHEW
SARTER, FRANK SCIREMAMMANO and JAMES
WRIGHT,

Civ. No.: 2:15-cv-07111 (AYS)

Plaintiffs,

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

-*against*-

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs, disbursements or attorneys' fees (other than those specified in the Settlement Agreement).

Dated: Albany, New York
      February 16, 2024

Dated: Mineola, New York
      February 6, 2024

**Civil Service Employees Association, Inc.**
*Attorneys for Plaintiffs*

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for Defendant*

By: _____

    Eric E. Wilke, Esq.
    Aaron E. Kaplan, Esq.
    143 Washington Avenue
    Albany, New York 12210
    Tel: (518) 257-1443

By: _____

    Stephen L. Martir, Esq.
    170 Old Country Road
    Mineola, New York 11501
    Tel.: (516) 746-5599

**So Ordered:**

_____
U.S.D.J.